# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CLINTON LEE POWERS,

    Plaintiff,

v.                        Case No. 3:16-cv-635-J-32JRK

JULIE JONES, et al.,

    Defendants.

## ORDER

Plaintiff, an inmate of the Florida penal system, is proceeding on a pro se Amended Civil Rights Complaint (Doc. 26), in which he alleges a violation of his right to freely exercise his sincerely-held religious beliefs. Plaintiff desires to have his Saturday meals delivered to him on Friday so that he does not benefit from others' work on Saturday (the Shabbat). He names as Defendants Julie Jones, the Secretary of the Florida Department of Corrections (FDOC); Alex Taylor, Chaplaincy Services Administrator for the FDOC; John Palmer, Warden of Florida State Prison (FSP);[1] Joseph Edwards, former Assistant Warden of FSP; and Ernest Wynn, a Chaplain at FSP.

Before the Court are the parties' cross-motions for summary judgment. Plaintiff filed a Motion for Summary Judgment on March 6, 2017 (Doc. 61) (Pl. Motion), with exhibits (Pl. Ex.). On April 19, 2017, Defendants filed a Motion for Summary

---

[1] Defendant Taylor is now retired (Doc. 67-4; Taylor Declaration), and Defendant Palmer is no longer Warden of FSP (Doc. 67-3; Palmer Declaration).

Judgment, including a response to Plaintiff's Motion (Doc. 67) (Def. Motion), with exhibits (Def. Ex.). Plaintiff filed a response to Defendants' Motion on May 19, 2017 (Doc. 68) (Pl. Response).[2] The parties' Motions are ripe for review.

## I. Summary of Parties' Positions

### A. Plaintiff's Position

Plaintiff sues Defendants in their official capacities under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Florida Religious Freedom Restoration Act (FRFRA), seeking declaratory and injunctive relief. Pl. Motion at 9.[3] Plaintiff also bring a § 1983 action against Defendants in their individual capacities under the First Amendment and Article 1, section 3 of the Florida Constitution, seeking nominal damages. Id. According to his Amended Complaint, Plaintiff "is an observant practicing Messianic Jewish male who strictly adheres to the traditionally established doctrine of Judaism." Amended Complaint at 5. While Plaintiff has participated in the Religious Diet Program (RDP)[4] since 2014, Pl. Ex. 10J at 2, he maintains that his religious exercise is substantially burdened by Defendants' denials of his grievances and inmate requests to be served his Shabbat meals on Friday.

---

[2] Plaintiff filed additional documents in supplement to his Motion and Response: a Declaration of Undisputed Facts (Doc. 69), a Memorandum in support of his Response to Defendants' Motion (Doc. 75), an Amended Statement of Undisputed Facts with an exhibit (Docs. 76, 76-1), and a Notice entitled "Statement of Material Facts" (Doc. 77).
[3] Page numbers reflect the pagination assigned by the Court's CM/ECF docketing system, which are found at the top of each page.
[4] The RDP provides three options for religious inmates: (1) a no-meat alternative; (2) a vegan alternative; and (3) a religious diet alternative, which "accommodates religious diet needs through prepackaged meals and/or prepackaged food items," referred to as the CFO (certified food option). Pl. Ex. 11K at 3.

2

Amended Complaint at 3; Pl. Motion at 7, 15. According to Plaintiff, the Torah proscribes the Shabbat is a day of rest and "[t]he observant Jew does not work on the Sabbath."[5] Pl. Ex. 1A at 30. See also Pl. Exs. 2B, 8H, 17Q, 18R. Plaintiff believes that he may not consume meals prepared or served by others on the Shabbat because the Torah provides that meals should be cooked in advance or "while Shabbat is still tomorrow." See Pl. Ex. 18R at 39. Plaintiff also requested that Defendants, when providing him his Shabbat meals a day in advance, substitute the perishable food items with non-perishable food items so he may safely store them in his cell. Pl. Motion at 19; Def. Ex. A (Pl.'s Depo.) at 6-7.

In response to Defendants' assertions that accommodating his requests will result in security and staffing concerns, Plaintiff submitted general affidavits of fellow inmates who swore that Muslim and Jewish inmates have received meals in their cells on fast days. Pl. Ex. A1-A3. The Department, in response to a grievance Plaintiff submitted,[6] acknowledged that food is provided to inmates of certain faith groups in accordance with approved holidays, which are recognized on the religious calendar:

> In accordance with the 2016 Religious Calendar approved and distributed by the Chaplaincy Services Administrator in Central Office[,] Ramadan is a recognized set of Holy Days involving fasting. Food to break the fast is being provided to the followers of that faith group to break that recognized fast just as food is provided to the members of your faith group to break fasts that are recognized by the Department on the same Religious Calendar.

---

[5] The terms Shabbat and Sabbath are used interchangeably.
[6] In the grievance, dated June 7, 2016, Plaintiff complained of favoritism toward the Islamic inmates who are provided their meals in advance to observe Ramadan.

Pl. Ex. 12L at 2. Plaintiff asserts that Defendants have placed him in the untenable position "to either accept his meals on the Shabbat (Saturday) or go without eating." Pl. Motion at 16. According to Plaintiff, either option would violate his religious beliefs because the Torah also states that fasting on the Sabbath is forbidden. Pl. Ex. 17Q at 3; Def. Ex. 1 at 10. Thus, Plaintiff has been storing food in his locker, in violation of prison rules, to observe the Shabbat. Def. Ex. A at 8. In observance of the Shabbat, Plaintiff has refused all Saturday meals since he has been housed at FSP. Id. at 9.

**B. Defendants' Position**

Defendants argue Plaintiff has not stated individual capacity claims against them under RLUIPA and FRFRA and they are entitled to qualified immunity under § 1983. Defendants Edwards, Taylor, Wynn, and Palmer further maintain that Plaintiff's official capacity claims against them are duplicative as to those against the Secretary of the FDOC (Defendant Jones). Def. Motion 10, 19-20. With respect to the substantive claims, Defendants argue that Plaintiff has not established a substantial burden on his religious practice and, even if he has, compelling governmental interests support the denial of his request. Id. at 4-6. With regard to the substantial burden, Defendants assert that the denial of Plaintiff's request has resulted in a mere inconvenience in light of Plaintiff's admission that he observes the Shabbat by holding food in his cell in violation of administrative rules. Id.; Def. Ex. A at 8. The compelling governmental interests Defendants argue override Plaintiff's request are security and staffing. Defendants support this argument with the unsworn declaration of Wes Kirkland, Bureau Chief of Security Operations at FDOC, who is responsible for

coordinating security operations. See Def. Ex. F.

According to Kirkland, Plaintiff's request is problematic because he is seeking an exception to the prohibition of storing food in one's cell. Id. at 2. Because food is an "important aspect of prison life," granting Plaintiff's request could result in perceptions among other inmates of preferential treatment, resulting in morale problems, violence, and opportunities for theft and bartering. Id. at 2, 4. Kirkland also states that Plaintiff's request, if granted, could result in other inmates making similar requests and would divert staff who would be responsible for serving Powers his Shabbat meals "outside of the established [meal] schedule." Id. at 3-4. Kirkland provides two specific examples of confrontations between inmates and staff in 2014 (at other correctional facilities), which involved food service. Id. at 4. One instance involved an inmate attack on an officer who approached the inmate to prevent him from taking a second tray of food. In a second instance, two guards were severely injured by an inmate who became "agitated because he felt he did not receive enough cheese on his food tray." Id.

## II. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted). When ruling on a motion for

5

summary judgment, a court is required to "pierce the pleadings and [to] assess the proof" to determine whether the non-moving party has presented specific facts to proceed to trial. Id. at 587. Any inferences to be drawn from the facts presented by the parties "must be viewed in the light most favorable" to the non-moving party. Id. at 588. When parties file cross-motions for summary judgment, if the Court finds factual disputes regarding issues of material fact, then it must deny both motions. Griffis v. Delta Family-Care Disability, 723 F.2d 822, 824 (11th Cir. 1984) ("[B]efore the court can consider the legal issues raised by the parties on cross-motions for summary judgment, it must have no doubt as to the relevant facts that are beyond dispute.")

### III. Law and Conclusions

#### A. Individual Capacity Claims and Qualified Immunity

Defendants' Motion with respect to individual claims against them under RLUIPA and FRFRA is due to be granted to the extent Plaintiff does not seek relief against Defendants in their individual capacities under these statutes. See Pl. Motion at 9; Pl. Response at 8. As to Plaintiff's claims under the First Amendment and the Florida Constitution, Defendants' Motion is due to be granted to the extent Plaintiff's claims against them in their individual capacities for damages are barred by the doctrine of qualified immunity.

A defendant sued in his individual capacity "is entitled to qualified immunity for his discretionary actions unless he violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Black v. Wigington, 811 F.3d 1259, 1266 (11th Cir. 2016) (quoting Case v. Eslinger, 555 F.3d

1317, 1325 (11th Cir. 2009)). To determine whether an individual defendant is entitled to qualified immunity, the Eleventh Circuit engages in a two-step inquiry, asking (1) whether plaintiff suffered a constitutional violation; and (2) whether the constitutional right was "clearly established." Davila v. Gladden, 777 F.3d 1198, 1210-11 (11th Cir. 2015). Courts may exercise discretion to address the two steps in either order. Id. at 1211. Exercising that discretion, this Court will address only the second step because that inquiry ends the analysis.

> 'The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). This Court has observed that "[a] government-officer defendant is entitled to qualified immunity unless, at the time of the incident, the preexisting law dictates, that is, truly compels, the conclusion for all reasonable similarly situated public officials that what [a] Defendant was doing violated [a] Plaintiff's federal rights in the circumstances." Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1030–31 (11th Cir.2001) (en banc) (alteration adopted) (quotation marks omitted), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Id. "A 'clearly established' right is one whose contours are fixed 'so clearly that a reasonable official would have understood his acts were unlawful.'" Coley v. Smith, 441 F. App'x 627, 628 (11th Cir. 2011) (holding a right was not clearly established in a prisoner's First Amendment claim where no binding law put the defendants on "notice that failing to provide [the] [p]laintiff with the exact food he requested, on a specific date of religious significance" resulted in a violation of the plaintiff's constitutional rights).

7

Receiving Shabbat meals a day in advance is not a constitutional right clearly established in this jurisdiction. Plaintiff's reliance on cases from other jurisdictions,[7] in which courts have recognized an inmate's right to receive his Shabbat meals a day in advance, is insufficient to demonstrate a clearly-established right to overcome a qualified immunity defense. See Pl. Response at 12. When determining whether a right is clearly established, this Court is bound by precedents of the Supreme Court, the Eleventh Circuit, and the Supreme Court of Florida. See Coley v. Smith, 441 F. App'x 627, 628–29 (11th Cir. 2011) (per curiam) (quoting Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 826 n. 4 (11th Cir.1997) (en banc)). None of these courts have held that an inmate is constitutionally-entitled to delivery of Shabbat meals a day in advance. As such, Defendants are entitled to summary judgment as to Plaintiff's claims against them in their individual capacities for damages.[8]

### B. Official Capacity Claims Against Defendants Edwards, Palmer, Taylor, and Wynn under RLUIPA and FRFRA

Defendants' Motion with respect to the official capacity claims against Edwards, Palmer, Taylor, and Wynn is due to be granted to the extent that any claims against these Defendants are duplicative of the claims against the Department, Defendant Jones, Secretary of the FDOC. Thus, Defendants Edwards, Palmer, Taylor, and Wynn are entitled to summary judgment with respect to the RLUIPA and FRFRA claims asserted against them in their official capacities. See Smith v. Allen, 502 F.3d 1255,

---

[7] Love v. Reed, 216 F.3d 682, 689 (8th Cir. 2000) (First Amendment claim); Johns v. Lemmon, 980 F. Supp. 2d 1055, 1059 (N.D. Ind. 2013) (RLUIPA claim).
[8] In light of this ruling, the Court will not address the substance of Plaintiff's exercise of religion claims under the First Amendment and the Florida Constitution.

8

1275 (11th Cir. 2007) ("A suit against a state official in his or her official capacity is not a suit against the official but is rather a suit against the official's office."), abrogated on other grounds by Sossamon v. Texas, 563 U.S. 277 (2011).

### C. RLUIPA and FRFRA Claims Against Defendant Jones[9]

RLUIPA provides the following: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden . . . (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C.A. § 2000cc-1(a). The parallel Florida statute, Florida's Religious Freedom Restoration Act (FRFRA), is identical to RLUIPA. See Fla. Stat. § 761.03(1). Because of the identical wording of the statutes, "federal and state courts have applied the same analysis under FRFRA and RLUIPA." Westgate Tabernacle, Inc. v. Palm Beach Cty., 14 So. 3d 1027, 1031 (Fla. Dist. Ct. App. 2009).

To withstand summary judgment, a plaintiff first bears the burden to demonstrate that the government action substantially burdened his religious exercise.[10] Smith, 502 F.3d at 1276 (citing 42 U.S.C. §§ 2000cc-1(a), 2000cc-2(b)); Holt v. Hobbs, 135 S. Ct. 853, 862 (2015). While the applicable statutes do not define the term "substantially burdened," the Eleventh Circuit has stated that "a 'substantial

---

[9] Defendant Jones is the only remaining defendant, in her role as Secretary of the Department of Corrections. However, the RLUIPA and FRFRA discussion will address Defendants collectively as they do in their Motion.

[10] "The term 'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief. 42 U.S.C. § 2000cc-5(7)(A).

9

burden' must place more than an inconvenience on religious exercise; a 'substantial burden' is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004). The Florida Supreme Court has adopted the Eleventh Circuit's definition when interpreting the FRFRA. Warner v. City of Boca Raton, 887 So. 2d 1023, 1033 (Fla. 2004) ("[A] substantial burden on the free exercise of religion is one that either compels the religious adherent to engage in conduct that his religion forbids or forbids him to engage in conduct that his religion requires.").

If a plaintiff demonstrates a question of fact as to whether a prison policy substantially burdens his religious exercise, the burden then shifts to the defendant to establish the denial of the plaintiff's request was the least restrictive means in furtherance of a compelling governmental interest. Smith, 502 F.3d at 1276. Courts generally must give "due deference to the experience and expertise of prison and jail administrators." Rich v. Sec'y, Fla. Dep't of Corr., 716 F.3d 525, 533 (11th Cir. 2013) (internal quotation marks omitted) (quoting Cutter v. Wilkinson, 544 U.S. 709, 723 (2005)). Concerns related to security, safety, and resources, where not speculative, may satisfy a defendant's burden with respect to demonstrating a compelling governmental interest. See Rich, 716 F.3d at 533; Linehan v. Crosby, 346 F. App'x 471, 473 (11th Cir. 2009). However, RLUIPA "does not permit . . . unquestioning deference." Holt, 135 S. Ct. at 864. "The least-restrictive means standard is exceptionally demanding, and it requires the government to show that it lacks other means of

10

achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party." Id. (internal quotations and alterations omitted).

After a thorough review of the parties' motions and supporting exhibits, the Court finds there remain genuine issues of material fact with respect to the claims against Defendant Jones under RLUIPA and FRFRA for declaratory or injunctive relief. Defendants do not dispute the importance of the Sabbath.[11] What remains in dispute, however is whether Plaintiff's observation of the Sabbath requires the specific accommodation he has requested, that is whether his "religious exercise" has been "substantially burdened." Questions of fact also remain regarding whether Defendants have demonstrated the denial of Plaintiff's request was the least restrictive means in furtherance of a compelling governmental interest. Thus, the cross-motions are due to be denied.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Rule (Doc. 81) is **GRANTED** to the extent set forth in this order.

2. Plaintiff's Motion for Summary Judgment (Doc. 61) is **DENIED**.

3. Defendants' Motion for Summary Judgment (Doc. 67) is **GRANTED** in part and **DENIED** in part.

    a. Defendants' Motion with respect to individual claims against them under

---

[11] Indeed, the FDOC Religious Technical Guide, provided by Plaintiff in support of his Motion, provides that the Sabbath is "the most important of all religious festivals." Pl. Ex. 1A at 31.

11

RLUIPA and FRFRA is granted to the extent Plaintiff does not seek relief against Defendants in their individual capacities under these statutes. See Pl. Motion at 9; Pl. Response at 8.

    b.    Defendants' Motion is granted with respect to Plaintiff's claims against Defendants in their individual capacities under the First Amendment and the Florida Constitution. Those claims are barred by the doctrine of qualified immunity.

    c.    Defendants' Motion with respect to the official capacity claims against Edwards, Palmer, Taylor, and Wynn under RLUIPA and FRFRA is granted because these claims are duplicative of the claims against Defendant Jones, Secretary of the FDOC.

    d.    Defendants' Motion is denied with respect to Plaintiff's RLUIPA and FRFRA claims against Defendant Jones in her official capacity.

    4.    Defendants Edwards, Palmer, Taylor, and Wynn are entitled to summary judgment as to all claims asserted against them in their individual and official capacities. Judgment to that effect will be withheld pending adjudication of the action as a whole. See Fed. R. Civ. P. 54.

    5.    Because this Order does not dispose of all claims, the case will proceed to a status conference and non-jury trial on the RLUIPA and FRFRA claims against Defendant Jones. The Court is convinced that there are sufficiently complex factual and legal issues involved to warrant appointment of counsel for Plaintiff. The Clerk is directed to administratively close the case pending appointment of counsel for Plaintiff, which will be done by separate order.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of March, 2018.

*[Signature]*
TIMOTHY J. CORRIGAN
United States District Judge

Jax-6

c:
Clinton Lee Powers
Counsel of Record